UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:25CV-P121-JHM

**MONTREL HOBBS**                                                                                   **PLAINTIFF**

**v.**

**MARIAH PACHECO** *et al.*                                                                **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Montrel Hobbs filed the instant *pro se* 42 U.S.C. § 1983 action. This matter is before the Court upon an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF AMENDED COMPLAINT

Plaintiff was a convicted inmate at the Christian County Jail (CCJ) at the time he filed this action. He sues Mariah Pacheco, identified as a nurse at CCJ, in her individual and official capacities. He also sues 3C Healthcare.

Plaintiff states as follows:

> On 5-17-25 I filed a medical request pertaining to dental pain. I wasn't seen until 12 days later on 5-29-25. I was given IBU even though I clearly had abses tooth. 18 days later after filing grievance and remaining in pain the entire time they finally gave me some anti-biotics. Still I am needing to see a dentist.[1]

Plaintiff alleges violations of the Eighth and Fourteenth Amendment.

As relief, Plaintiff requests compensatory damages.

### II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion

---

[1] Plaintiff's complaint was filed on August 7, 2025 (DN 1). He sent a letter which was received by the Court on September 24, 2025, indicating that he had been transferred to the Roeder Correctional Complex (DN 10).

of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States.  A claim under § 1983 must therefore allege two elements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42,

48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. *3C Healthcare and official-capacity claim against Pacheco*

The Court presumes that 3C Healthcare is the entity which CCJ contracts with to provide medical services to inmates and that Pacheco is an employee of 3C Healthcare. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Pacheco is actually brought against 3C Healthcare. The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as 3C Healthcare. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. Thus, liability of a contracted private entity also must be based on a policy or custom of the entity. *Street*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

To state a claim against a contracted entity, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under

§ 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that he was denied dental treatment pursuant to a policy or custom of 3C Healthcare. Accordingly, Plaintiff's claim against 3C Healthcare and his official-capacity claim against Pacheco must be dismissed for failure to state a claim upon which relief may be granted.

### *B. Individual-capacity claim against Pacheco*

Plaintiff alleges violations of both the Eighth and Fourteenth Amendments. A pretrial detainee is protected from cruel and unusual punishment under the Due Process Clause of the Fourteenth Amendment while the Eighth Amendment is the source of protection for a convicted inmate. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). Because Plaintiff was a convicted inmate at the time of the alleged events, the Eighth Amendment applies to Plaintiff's claims, and the Fourteenth Amendment claim will be dismissed for failure to state a claim upon which relief may be granted.

An Eighth Amendment claim of deliberate indifference to a prisoner's medical needs has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn by Parks v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to

abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. 527, 837-47 (1994)).

As to the objective component, the existence of pain alone, absent evidence of any risk to Plaintiff's health, does not constitute a serious medical need. *Browder v. Hopkins Cnty.*, No. 4:22-CV-00065-JHM, 2023 U.S. Dist. LEXIS 140337, at *17 (W.D. Ky. Aug. 11, 2023); *Weatherspoon v. Woods*, No. 16-1277, 2017 U.S. App. LEXIS 18370, at *15 (6th Cir. Feb. 24, 2017) (plaintiff's assertion that he was in pain while he waited to be seen by a dentist does not establish that he suffered a sufficiently serious medical condition); *Mays v. Pynnonen*, No. 2:17-CV-167, 2019 U.S. Dist. LEXIS 158173, at *3-4 (W.D. Mich. Sept. 17, 2019) (plaintiff's subjective complaints of pain will not satisfy the objective prong of the deliberate indifference standard). While Plaintiff broadly alleges that he was in pain, he does not allege that the pain was so severe that it interfered with eating or any other activities. *See Jasso v. Baker*, No. 24-CV-4187, 2025 U.S. Dist. LEXIS 48646, at *6 (C.D. Ill. Mar. 18, 2025) ("Courts have generally found that dental pain is sufficiently serious only when it is accompanied by other harm, such as recession of the gums, tooth decay, or difficulty eating.") (citing *Whitney v. Khan*, 330 F.R.D. 172, 179 (N.D. Ill. 2019)). Moreover, while Plaintiff asserts that he had an abscessed tooth, he states that he was given antibiotics which would have treated any potential infection. For these reasons, the Court finds that Plaintiff's broad allegations of dental pain are not sufficient to meet the objective component for stating a deliberate indifference to medical needs claim.

Even if Plaintiff had satisfied the objective component, with regard to the subjective component, the standard applied in reviewing the actions of prison medical staff in this type of case is deferential. *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). Where a prisoner has received some medical attention and the dispute is over the adequacy of the

treatment, federal courts are generally reluctant to second guess medical judgments. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). The Sixth Circuit has held as follows:

> We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

*Id.* Thus, a court generally will not find deliberate indifference when some level of medical care has been offered to the inmate. *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002). Mere disagreement over medical treatment between an inmate and prison medical personnel cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996). An inmate's disagreement with medical staff over the proper medical treatment "alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim." *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) (citations omitted). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Plaintiff does not allege a complete denial of care for his dental pain. He states that he was given ibuprofen and antibiotics. While Plaintiff may understandably believe his treatment was inadequate, the allegations amount to no more than a negligence claim which is insufficient to state a claim under the Eighth Amendment. *See Loyd v. Hacker*, No. 6:21-53-WOB, 2021 U.S. Dist. LEXIS 70240, at *4 (E.D. Ky. Apr. 12, 2021) ("[A]llegations of medical malpractice or negligent diagnosis and treatment are not cognizable in the constitutional context."). For these reasons, the

Court finds that Plaintiff has failed to meet the subjective component for stating an Eighth Amendment claim.

Accordingly, the Court will dismiss Plaintiff's individual-capacity claim against Pacheco for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: December 9, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010